IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOIDA ROSARIO,

    Plaintiff,

vs.                                                        No. CIV 22-0771 JB/JFR

AT&T/Bell Labs,[1]

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Letter from the Plaintiff to the "Honorable Supreme Court Justices, United States Supreme Court System" (dated October 10, 2022), filed October 17, 2022, (Doc. 1)("Complaint"); and (ii) the Letter from the Plaintiff to the "H0n0rable [sic] State C0urt [sic] Supreme Justices" (dated November 3, 2022), filed November 8, 2022 (Doc. 4)("Show Cause Response"). Plaintiff Loida Rosario appears pro se. For the reasons set out below, the Court will dismiss this case with prejudice for failure to state a claim.

## PROCEDURAL BACKGROUND

Rosario's eight-page Complaint is in the form of a letter addressed to the "Honorable Supreme Court Justices, United States Supreme Court System" and has 131 pages of documents attached. Complaint at 1. Rosario alleges theft of intellectual property, "invasions to my brain trying to disturb, trample my every word, fact and concept as I type," unspecified "additional

---

[1]The Letter from the Plaintiff to the "Honorable Supreme Court Justices, United States Supreme Court System" (dated October 10, 2022), filed October 17, 2022, (Doc. 1)("Complaint"), which the Court construes as true, does not contain a caption identifying Defendants. The Clerk's Office, in creating a docket for this case on CM/ECF, has listed AT&T/Bell Labs as the action's Defendant. Accordingly, the Court lists AT&T/Bell Labs as the Defendant in this Memorandum Opinion and Order.

crimes," and theft of Rosario's personal property by unidentified "culprits."  Complaint at 2. Rosario fears for her family's wellbeing and seeks to prevent further harm including replacing Rosario and her children with forged impostors.  See Complaint ¶ 10, at 5.

The Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Rosario:

> The Complaint appears to assert claims on behalf of Plaintiff's children. Plaintiff cannot bring claims on behalf of her children because Plaintiff is not a licensed attorney authorized to practice in this Court. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Kanth v. Lubeck*, 123 Fed. Appx. 921, 923 n.1 (10th Cir. 2005)(stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court")(citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)(holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).
>
> The Complaint fails to state a claim upon which relief can be granted for the "crimes" allegedly committed by the un-named Defendants.  "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed. Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").
>
> It appears that many of Plaintiff's claims may be barred by the statute of limitations because she complains of events that occurred from 2000 to 2018.  *See* N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"); *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014)("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").
>
> The Complaint fails to state a claim upon which relief can be granted because the Complaint contains vague allegations regarding the un-named Defendants' conduct but does not contain factual allegations describing what each Defendant did to Plaintiff, when each Defendant did those actions and the specific legal rights Plaintiff believes each Defendant violated.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)("[T]o state a claim in federal court, a complaint must explain

what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Memorandum Opinion and Order to Show Cause and Order to Cure Deficiency at 1-2, filed October 18, 2022 (Doc. 3)("Order"). Magistrate Judge Robbenhaar ordered Rosario to show cause why the Court should not dismiss this case for the reasons stated in his Order and to file an amended complaint. See Order at 5 ("Failure to timely show cause and file an amended complaint may result in dismissal of this case").

Rosario filed an eight-page Show Cause Response to Magistrate Judge Robbenhaar's Order, which states: (i) "I have n0 [sic] money" and "I would need t0 [sic] pay 50 fees by each state;" (ii) "I represent myself and my children, husband and Grandma;" and (iii) "I ask the courts please keep my case 0pen [sic] and pr0secute [sic] criminals without these fees." Show Cause Response at 1. Rosario also describes various crimes that unnamed culprits committed. See Show Cause Response at 3-8. Rosario has not shown cause why the Court should not dismiss: (i) the claims Rosario is asserting on her children's behalf; (ii) the claims for prosecution of crimes; (iii) the claims that the statute of limitations may bar; or (iv) the claims against the unnamed Defendants for failure to state a claim. Rosario did not file an amended complaint.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v.

Bellmon, 935 F.2d at 1110.  The Court, however, will not "assume the role of advocate for the pro se litigant."  Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Fed. R. Civ. P. 12(b)(6).  While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  Curley v. Perry, 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991)).

## ANALYSIS

Having carefully reviewed the Complaint and the relevant law, the Court will dismiss this case, because it is dismissing the claims that Rosario asserts for failure to state a claim.  Rosario cannot bring claims on her children's, husband's and grandmother's behalf, because Rosario is not a licensed attorney authorized to practice in the Court.  See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000).  Rosario cannot bring claims for crimes that the Defendants allegedly committed, because "criminal statutes do not provide for private civil causes of action."  Kelly v. Rockefeller, 69 F. App'x. 414, 415-16 (10th Cir. 2003).  See Diamond v. Charles, 476

U.S. at 64 ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). The statute of limitations bars Rosario's claims that are based on events which occurred from 2000 to 2018. See N.M.S.A. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years."); Varnell v. Dora Consol. School Dist., 756 F.3d at 1212 ("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims."). The Complaint does not state a claim upon which relief can be granted, because the Complaint contains vague allegations regarding the un-named Defendants' conduct, but does not contain factual allegations describing what each Defendant did to Rosario, when each Defendant took those actions, and the specific legal rights Rosario believes each Defendant violated. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d at 1163 ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Magistrate Judge Robbenhaar, after notifying Rosario that she cannot bring claims on her children's behalf and that the Complaint fails to state claims for alleged crimes, for events that occurred from 2000 to 2018, and against Defendants for whom there are only vague allegations, ordered Rosario to show cause why the Court should not dismiss those claims and to file an amended complaint. See Order at 5. Rosario's Show Cause Response to Magistrate Judge Robbenhaar's Order does not show cause why the Court should not dismiss her claims. The deadline to amend was November 8, 2022. See Order at 5. Rosario has not filed an amended complaint. The Court therefore will dismiss with prejudice: (i) the Complaint; and (ii) this action.

**IT IS ORDERED** that: (i) the Letter from the Plaintiff to the "Honorable Supreme Court Justices, United States Supreme Court System" (dated October 10, 2022), filed October 17, 2022 (Doc. 1), is dismissed with prejudice; and (ii) this action is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Loida Rosario
Evanston, Illinois

    *Plaintiff pro se*